**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| K.G., a minor, by and through his parents and next friends, SUZANNE GOSCH and KEVIN GOSCH,<br><br>   Plaintiffs,<br>vs.<br><br>SERGEANT BLUFF-LUTON COMMUNITY SCHOOL DISTRICT, MIRANDA RIEDIGER, KELLY ADAMS, and DOES 1-30,<br><br>   Defendants. | No. C 15-4242-MWB<br><br><br>**OPINION AND ORDER REGARDING THE PLAINTIFFS' MOTION FOR NEW TRIAL** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION..................................................................................2*

*II. LEGAL ANALYSIS .............................................................................3*
  *A. General Standards For A New Trial ...............................................3*
  *B. The Gosches' Grounds For New Trial.............................................3*
    *1. Insufficiency of the evidence.................................................3*
    *2. Improper remarks by opposing counsel ................................5*
    *3. Failure to disclose claims or contentions ..............................8*

*III. CONCLUSION ................................................................................. 10*

## I. INTRODUCTION

Plaintiffs Suzanne and Kevin Gosch brought this lawsuit on behalf of their seven-year-old autistic child, plaintiff KG, against defendants Sergeant Bluff-Luton Community School District (the District); Miranda Riediger, who was KG's special education teacher; and Kelly Adams, who was the principal at KG's elementary school. This litigation arose from an incident in which Ms. Riediger allegedly "dragged" KG across a classroom floor allegedly causing him serious carpet burns. At a jury trial, beginning October 4, 2017, the Gosches asserted the following claims: "unreasonable seizure" by Ms. Riediger in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983; "unreasonable seizure" by Ms. Adams, based on failure to supervise and train faculty and staff, in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983; "disability discrimination" by the District, in violation of Title II of the ADA and § 504 of the Rehabilitation Act; "negligence" by Ms. Riediger in dragging KG across the floor; and "negligent supervision" by Ms. Adams. On October 13, 2017, the jury returned a defense verdict on all claims. On November 9, 2017, the Gosches filed a Motion For New Trial on "Counts I (a) (seizure) and (d) (negligence)" against Ms. Riediger.[1] The defendants filed their Resistance on November 20, 2017, and the Gosches filed a Reply on November 27, 2017.

Before I turn to the merits of the Motion for New Trial, I want to compliment all the lawyers in this case on their exceptional preparation and superb presentation of evidence at trial. This was clearly one of the best tried cases I have ever presided over in 23 years. This is true in large part because three out of the four lawyers were Iowa trial lawyers. They displayed unsurpassed cooperation with each other and unparalleled

---

[1] These claims were identified as claims (a) and (d) of Section I. Liability in the Verdict Form.

civility throughout the incredibly hard fought litigation. While virtually every fact in the case was hotly contested, the lawyers displayed the utmost professionalism throughout the pre-trial and trial proceedings.

## II. LEGAL ANALYSIS
### A. *General Standards For A New Trial*

Rule 59(a) provides, *inter alia*, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). Thus, "[a] trial court 'may, on motion, grant a new trial on all or some of the issues,' provided there is a good reason to do so." *Bavlsik v. Gen. Motors, LLC*, 870 F.3d 800, 809 (8th Cir. 2017) (quoting FED. R. CIV. P. 59(a)(1)). "'A motion for new trial is addressed to the judicial discretion of the trial judge and will not be reversed except for a clear abuse of that discretion.'" *West Plains, L.L.C. v. Retzlaff Grain Co. Inc.*, 870 F.3d 774, 788 (8th Cir. 2017) (quoting *Altrichter v. Shell Oil Co.*, 263 F.2d 377, 380 (8th Cir. 1959)). "'[T]he key question [is] whether a new trial is necessary to prevent a miscarriage of justice.'" *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 421 (8th Cir. 2017) (quoting *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 462 (8th Cir. 2013)).

### B. *The Gosches' Grounds For New Trial*
#### 1. *Insufficiency of the evidence*

The Gosches argue, first, that the verdict on the two claims at issue was against the greater weight of the evidence in three respects: (1) no reasonable jury could have concluded that none of KG's injuries were caused by Ms. Riediger "dragging" KG; (2) no reasonable jury could have concluded that dragging KG on the floor in order to

3

avoid him potentially coming into contact with a desk or other students was reasonable under the circumstances; and (3) the clear weight of the evidence established that no reasonable teacher would have "dragged" KG, as Ms. Riediger did, for the reasons she provided to justify the "dragging," so that she acted negligently. The defendants' response, in essence, is that there were *no* witnesses who testified that Ms. Riediger actually "dragged" KG; rather, the witnesses who were present during the incident testified that Ms. Riediger moved KG two steps, approximately four feet, and that she did so carefully and slowly, so as not to hurt him.

As the Eighth Circuit Court of Appeals has repeatedly explained, "'A motion for new trial based on sufficiency of the evidence should be granted only if the verdict is against the weight of the evidence.'" *S.M. v. Lincoln Cty.*, 874 F.3d 581, 589 (8th Cir. 2017) (quoting *Bennett v. Riceland Foods, Inc.*, 721 F.3d 546, 552-53 (8th Cir. 2013)); *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 459 (8th Cir. 2016) ("A district court abuses its discretion in denying a motion for new trial based on sufficiency of the evidence 'if the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice.'" (quoting *Bennett*, 721 F.3d at 552–53)). The standard is a high one, and "[w]here, as here, the motion for a new trial is based on an assertion that the verdict is counter to the weight of the evidence, 'the district court's denial of the motion is virtually unassailable on appeal.'" *Bamford, Inc. v. Regent Ins. Co.*, 822 F.3d 403, 410 (8th Cir. 2016) (quoting *Keenan v. Computer Assocs. Int'l, Inc.*, 13 F.3d 1266, 1269 (8th Cir. 1994)). "That is because the district court had 'the benefit of hearing the testimony and observing the demeanor of witnesses throughout the trial.'" *Two Rivers Bank & Tr. v. Atanasova*, 686 F.3d 554, 563–64 (8th Cir. 2012) (quoting *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 932 (8th Cir. 2001)). The court must view the evidence in the light most favorable to the verdict and sustain the verdict unless no reasonable juror could have reached the same conclusion. *Estate of Pepper v. Whitehead*,

780 F.3d 856, 861 (8th Cir. 2015). Thus, "[r]eversal is only warranted if [the appellate court] determine[s] there is absolutely no evidence supporting the verdict after '[v]iewing the evidence in the light most favorable to the verdict.'" *Doe v. Young*, 664 F.3d 727, 736 (8th Cir. 2011) (quoting *PFS Distrib. Co. v. Raduechel*, 574 F.3d 580, 589 (8th Cir. 2009)).

This was an exceptionally well-tried case by the lawyers on both sides. Each side thoroughly prepared and presented a literal mountain of compelling evidence. Had the jury found in favor of the plaintiff, there was more than sufficient evidence to support both liability and a large damage award. Perhaps another jury would have found for the plaintiff. If this case had been tried to a judge, I am confident some judges would have found for the plaintiff and some for the defendants. All of this is to say that the evidence in this case was very close and that a verdict for either side would have been reasonable for a jury to reach. *See Estate of Pepper*, 780 F.3d at 861. Thus, viewing the evidence in the light most favorable to the defendants and the verdict, *see Doe*, 664 F.3d at 736, the verdict is not against the greater weight of the evidence.

The Gosches are not entitled to a new trial based on insufficiency of the evidence to support the verdict.

### 2. *Improper remarks by opposing counsel*

Next, the Gosches argue that defense counsel made three improper remarks, comments, or arguments during closings: (1) that the Gosches' counsel made a "send them a message" argument not contained in the jury instructions; (2) that pictures of the classroom identified as Defense Exhibit A showed "the classroom as it existed on that day"; and (3) that a myriad of speculative injuries could have occurred from items on the desk or if KG got under the desk and hit his head, and suggesting that, if Ms. Riediger had acted differently, the Gosches would still have sued her. The Gosches contend that the first remark urged the jurors to base their verdict on something other than the law in

5

the court's instructions. They contend that the remarks about Defense Exhibit A were improper, because that exhibit had never been discussed during trial in connection with what was on the teacher's desk on the day of the incident. They contend that the third remark was improper, because it urged the jury to decide the case, not upon the facts or the law, but upon a preconceived bias against lawsuits for money damages. The Gosches contend that all of these remarks were unwarranted and clearly injurious.

The defendants concede that the Gosches' counsel was right when he told the court, at the time of his objection to the first remark, that he did not use the word "message," but the defendants argue that the clear intention of the Gosches' counsel's opening remarks was, nevertheless, to invite the jury to send a message. The defendants contend that Defense Exhibit A, showing the classroom, was "pre-admitted," the photograph of the classroom was consistent with trial testimony from Ms. Riediger and other witnesses, and nothing suggested counsel's remark about the photograph was unfairly influential. The defendants contend that the Gosches have misunderstood the purpose of the last remark, which was to respond to the "laundry list" of things that the Gosches contended that Ms. Riediger should and should not have done, showing that none of the Gosches' witnesses would concede that anything Ms. Riediger *ever* did was reasonable.

As the Eighth Circuit Court of Appeals has explained,

> "When a new trial motion is based on improper closing arguments, 'a new trial should be granted only if the statements are plainly unwarranted and clearly injurious and cause prejudice to the opposing party and unfairly influence a jury's verdict.'" *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 954 (8th Cir. 2014) (quoting *Harrison v. Purdy Bros. Trucking Co.*, 312 F.3d 346, 351 (8th Cir. 2002)). It will be a "rare case[ ]" when this court finds that a party has "made a sufficient showing of prejudice caused by 'plainly unwarranted and clearly injurious' closing argument." *Gilster*

*v. Primebank*, 747 F.3d 1007, 1008 (8th Cir. 2014) (quoting *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1303 (8th Cir. 1987)).

*Smiley v. Gary Crossley Ford, Inc.*, 859 F.3d 545, 556 (8th Cir. 2017). Specific factors that a court should consider are the following: (1) whether the remarks in question were minor aberrations made in passing; (2) whether the district court took specific curative action; (3) whether the size of the damage award suggests that counsel's remark had a prejudicial effect; and (4) whether the weight of the evidence suggests that the improper remark deprived a party of a fair trial. *Ventura v. Kyle*, 825 F.3d 876, 885 (8th Cir. 2016) (quotation marks and citations omitted).

This is not a "rare case" in which allegedly improper remarks by opposing counsel require a new trial. *See Smiley*, 859 F.3d at 556. I do not find the remarks were either "plainly unwarranted" or "clearly injurious." *Id.* Rather, considering the pertinent factors, I conclude that none of the remarks—if improper at all—can be considered more than a minor aberration made in passing. *See Ventura*, 825 F.3d at 885 (identifying the first factor). In fact, the only remark that may have been improper was that the plaintiff would have sued no matter what the teacher did. Nevertheless, this remark was in the heat of battle and was not so prejudicial, if at all, as to warrant a new trial. For that same reason, I took no curative action when the Gosches made their sole timely objection, which was to the first allegedly improper remark, and I did not intervene *sua sponte* when defense counsel made the other two remarks at issue. *See id.* (identifying the second factor). While there was no damage award in this case, the relevant factor would seem to be whether *the verdict* suggests that defense counsel's challenged remarks had a prejudicial effect. *Cf. id.* (identifying the third factor as whether the size of the damage award suggests a prejudicial effect of the remarks). I cannot say that any oddities or inconsistencies about the verdict suggest any such thing. Nor does the weight of the evidence suggest that the remarks at issue deprived the Gosches of a fair trial. *See id.*

(identifying this as the fourth factor). Even in a close case, such as this one, where there was weighty evidence on both sides, remarks that were merely minor aberrations made in passing did not distort the weight of the evidence enough to deprive the Gosches of a fair trial.

The Gosches are not entitled to a new trial based on allegedly improper remarks of opposing counsel.

### 3. *Failure to disclose claims or contentions*

Finally, the Gosches contend that the defendants failed to disclose two critical claims during discovery, but asserted those claims at trial: (1) that the Incredible Five Point Scale used to categorize students' anxiety level somehow authorized physical intervention and was included in the IEP/BIP for that purpose; and (2) that KG's crying prior to being dragged across the floor was actually him crying about pain that he was self-inflicting without using words to verbalize the pain. Also—although the contention is mentioned only in the Gosches' supporting brief, not in their Motion For New Trial proper—the Gosches contend that one of the defendants' experts, Dr. Martin, stated at trial a previously undisclosed opinion that friction burns do not develop over time, like a sunburn. The Gosches contend that this opinion was false as well as undisclosed. The Gosches argue that, because of these undisclosed claims or contentions, they were subjected to an improper trial by ambush.

The defendants counter that all of these supposedly undisclosed claims or contentions could and should have been addressed on cross-examination or with rebuttal evidence, not on post-trial motions. They argue that trial testimony about the Incredible Five Point Scale was not inconsistent with deposition testimony. Specifically, they contend that, because the version of the Scale used by staff at the District defines Level 5 as "I need an adult to help me go to a safe place so I can calm down," attempting to move KG in order to keep him from hurting himself or others was authorized by the Scale.

8

This is so, they argue, even if the witnesses agreed that the Scale does not specifically state that physical contact *should* be used. The defendants argue that the second "claim" that the Gosches argue was undisclosed was not a meaningful inconsistency, because Ms. Riediger had testified that KG did not use words at any time before she attempted to move him, but she did not know if he was in pain before he said, "Ow, my back." If there was a discrepancy, the defendants assert that the Gosches' counsel should have brought out that point in cross-examination. The defendants also point out that Dr. Martin specifically stated in his report that "there is no such thing as a delayed rug burn," *i.e.*, that rug burns do not get worse over time. They also point out that the Gosches chose not to depose Dr. Martin based on his report or to call one of their experts in rebuttal after Dr. Martin stated this supposedly undisclosed opinion at trial.

The Eighth Circuit Court of Appeals has recognized that "'[s]urprise during trial, *by major variance in theory of recovery or defense*, undisclosed until after the trial is underway, is a long-established ground for granting a new trial motion.'" *Lampkins v. Thompson*, 337 F.3d 1009, 1013 (8th Cir. 2003) (emphasis added) (quoting *Sanford v. Crittenden Mem'l Hosp.*, 141 F.3d 882, 886 (8th Cir. 1998)). The trial court's determination on a new trial motion based on surprise is reviewed for abuse of discretion. *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 934 (8th Cir. 2004); *Lampkins*, 337 F.3d at 1013. As with other grounds for a new trial, the surprise must have resulted in a miscarriage of justice to require relief. *Lampkins*, 337 F.3d at 1013.

I do not find any "surprise" amounting to a "major variance in [the defendants'] defense" warranting a new trial. Any variances in testimony about interpretation of the Incredible Five Point Scale and what KG's verbal and non-verbal noises indicated about when and whether he was in pain were, at best, "minor" variances that may have presented grounds for clarification by cross-examination or even timely rebuttal, but did not rise to the level of surprise required to result in a miscarriage of justice requiring a

9

new trial. *See Lampkins*, 337 F.3d at 1013. The issue of when KG suffered injury, if at all, during the incident was clearly a contested one before and during trial as well as what kind of physical intervention was appropriate and when. Similarly, Dr. Martin's report did forewarn the Gosches of his opinion that friction burns do not get worse over time, but even if the report did not disclose this opinion, any such omission would not rise to the level of prejudice requiring a new trial.

The Gosches are not entitled to a new trial based on "surprise."

### III. CONCLUSION

Upon the foregoing, the Gosches' November 9, 2017, Motion For New Trial (docket no. 90) is **denied** in its entirety.

**IT IS SO ORDERED**.

**DATED** this 29th day of November, 2017.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA